STATE v. MAYS.

1. After voluntary appearance and trial before a trial justice, the defendant cannot object that the warrant was not signed by the officer.
2. The affidavit which is the foundation of the whole proceeding in a trial justice's court (*Gen. Stat.*, ¿ 830), is insufficient where it fails to set forth plainly and substantially whether the offence charged was a trespass on real estate (which is beyond the jurisdiction of a trial justice, *Ibid.*, ¿ 2501), or an entry upon the lands of another after notice forbidding the same. *Ibid.*, ¿ 2507.
3. The demand for a jury in a trial justice's court, made by defendant after the State has closed its case, comes too late.
4. It was error in a trial justice to refuse to correct the testimony of the prosecuting witness on an essential point, when the witness testified that he had made a mistake.
5. It was error to refuse to permit witnesses for the defence to testify to

the state of feeling between the prosecutor and the landlord of the defendant, and then to receive such testimony from the State in reply.

6. Witness must be notified of time, place, and person, when it is intended to prove inconsistent statements by him, but it does not appear that this rule was violated in this case.

7. The failure of the trial justice to endorse upon the information his finding of guilty, was a mere irregularity, which cannot avail the defendant on appeal.

8. A party put into possession of land by the owner, but forbidden to enter by one claiming to be a lessee for two years under a verbal lease, cannot be convicted of misdemeanor in so entering, under section 2507 of the General Statutes, even if such parol lease might be sustained in a court of equity under the principle of part performance.

Before WALLACE, J., Spartanburg, June, 1885.

The opinion states the case.

*Messrs. W. M. Foster* and *J. S. R. Thomson*, for appellant.

*Messrs. Duncan, Solicitor, Bobo & Carlisle,* and *S. T. Mc-Cravy,* contra.

February 18, 1886. The opinion of the court was delivered by

MR. JUSTICE MCIVER. This was a prosecution originally commenced in a trial justice's court, but exactly what was the offence charged is one of the questions in the case. Indeed, the whole proceeding in the trial justice's court seems to have been attended with a series of irregularities, omissions, and uncertainties, unusual even in that court. The affidavit upon which the whole proceeding was based bears date the 28th of March, 1885, and charges "that on or about the last of March, 1885, one Calvin Mays did commit a trespass after notice upon the real estate under the control of deponent," one A. E. McCravy. The warrant issued thereon requires the arrest of the defendant to answer to a charge that at a time not specified, the same being left blank, he "did commit a trespass after notice," and the warrant is not signed by the trial justice. There is no endorsement on the papers of any finding by the trial justice as to whether defendant was guilty or not guilty; the only endorsement being the sentence,

signed by the trial justice, that the defendant pay a fine of ten dollars, or go to jail for fifteen days.

At the trial, and after the examination of the first witness on the part of the State, and after the State had closed its case, the defendant, by his counsel, demanded a jury, which was refused. After the witness for the State, the prosecutor, McCravy, had testified that defendant had trespassed on land under his control after he had given him notice not to trespass, that witness was recalled, when he said that "he sent written notice to defendant by my son. Never saw son give notice to defendant," and counsel for defendant desired that the testimony of this witness be corrected accordingly, which the trial justice refused to do, because, as he says in his report, "I was satisfied I had taken it down correctly, and refused to change it." The testimony tended to show that the prosecutor, McCravy, had rented some land from one Wm. Posey, with the understanding that he was to clear some of the land and to have the use of the land for two years, 1884 and 1885, but there was no contract in writing—it was simply verbal. Some dispute having arisen between Posey and McCravy, the former gave the latter notice, in the fall of 1884, to leave the premises, and early in the year 1885 Posey put other tenants on the land, amongst whom was the defendant. McCravy, however, claimed the right to use the land for the year 1885 under his verbal contract, and, as he says, remained in possession, having cleared some of the land according to contract.

At the trial, two witnesses on the part of the defendant were not allowed to testify as to the state of feeling between Posey and McCravy, while a witness on the part of the State, in reply, seems to have been allowed to testify on that subject. Witnesses were also allowed to testify as to what Posey had said on other occasions in reference to his trouble with McCravy, although it does not appear that the proper foundation was laid when Posey was on the stand by calling his attention to the time and place, when and where, and the person to whom, such declarations were made.

The defendant appealed from the sentence to the Court of General Sessions, upon numerous grounds set out in the "Case." Judge Wallace, who heard the appeal, rendered judgment, dismissing the appeal and affirming the sentence of the trial justice,

and from his judgment defendant appeals to this court upon twenty-two grounds, set out in the "Case." It would be impracticable and, in our judgment, altogether unnecessary to consider these numerous grounds in detail. We shall, therefore, confine our attention to those points which, in our judgment, really arise in the case.

The Circuit Judge, ignoring many of the grounds of appeal from the judgment of the trial justice, bases his decision upon the fact that he was satisfied that, under the contract between Posey and McCravy, the latter was entitled to hold the land for the two years of 1884 and 1885, which contract though void under the statute of frauds at the time it was made, yet McCravy having performed his part of the contract had the right to demand that Posey should perform his part, and as he was satisfied that Mays had entered upon the land after notice from McCravy not to do so, the finding of the trial justice was right. Assuming, however, that the Circuit Judge, though not noticing specifically many of the grounds of appeal upon which the case was heard before him, has, by his judgment, practically overruled them all, it becomes necessary for us to consider whether he has erred in so doing.

As to the failure of the trial justice to sign the warrant, we think there is nothing in that, under the circumstances of the case. It certainly was a grave omission on the part of the trial justice, and if it had become necessary to have the defendant arrested, might have led to very serious consequences. But it appears from the report of the trial justice that the defendant voluntarily appeared and submitted himself to the jurisdiction of that court, without any objection to the warrant until after the trial.

The objection to the affidavit, which, according to section 830 of the General Statutes, seems to be the foundation of the whole proceeding, is of a more serious character. The case in the trial justice's court, as well as in the Court of Sessions, seems to have been treated as a prosecution under section 2507 of the General Statutes, which reads as follows: "Every entry on the enclosed or unenclosed land of another, after notice from the owner or tenant prohibiting the same, shall be deemed a misdemeanor." Now, the rule is well settled that in indictments under a statute the

indictment must follow substantially the words of the statute. In other words, the defendant must be charged with having done the thing which the statute declares shall be an offence against the law.   It is true that the same strictness is not required in prosecutions before a trial justice, as in indictments in the Court of Sessions; and all that is required in the trial justice's court is, that the information under oath shall plainly and substantially set forth the offence charged.

Now, under section 2501 of the General Statutes it is declared that "Whoever shall wilfully, unlawfully, and maliciously cut, mutilate, deface, or otherwise injure any tree, house, outhouse, fence, or fixture of another, or commit any other trespass upon real property in the possession of another, shall be guilty of a misdemeanor, and upon conviction thereof shall be fined and imprisoned at the discretion of the judge before whom the case shall be tried."   Now, to say the very least of it, the affidavit in this case leaves it uncertain as to which of these sections the defendant is charged with having violated.   Indeed, it points more clearly to section 2501 than to section 2507, for the charge in the affidavit is that the defendant "did commit a trespass after notice upon the real estate under the control of deponent."   There is no charge that he entered upon land of another after notice from the owner or tenant prohibiting the same, which would bring it under section 2507.   If, therefore, as we have seen, the charge more properly brings the prosecution under section 2501, then the trial justice had no jurisdiction, for the punishment is fine and imprisonment *at the discretion of the judge* before whom the case is tried; whereas under section 2507 he would have jurisdiction, for there, by the act of 1883 (18 *Stat.*, 432) amending this section, the fine cannot exceed one hundred dollars, and the imprisonment cannot exceed thirty days, the limits of a trial justice's jurisdiction.   We cannot say, therefore, that the offence for which the defendant has been tried and convicted was plainly and substantially set forth in the information.

As to the demand for a trial by jury, we think it came too late.   The defendant was unquestionably entitled to a jury if he had demanded one before the trial commenced; but having failed to avail himself of this privilege at the proper time, there was

no error in refusing his demand after the trial had commenced and after the State had closed its case.

We think, however, that there was error in refusing to correct the testimony of the prosecuting witness, when it appeared from his own testimony, after he was recalled, that he had made a mistake in so essential a matter as giving notice to the defendant not to trespass upon the land.

So, too, we think there was error in refusing to allow the witnesses for the defence to testify as to the state of feeling between Posey and McCravy, and at the same time allowing a witness for the State to testify on that subject. It may have been wrong to allow testimony on this point from either side, but to refuse to allow it on one side and then to receive it from the other was certainly erroneous.

The rule as to contradicting or discrediting a witness by showing that he has made inconsistent statements—that the witness to be thus discredited must be notified of time, place, and person—is well settled; but whether this rule was violated in this case does not very clearly appear from the testimony as presented to us.

The failure of the trial justice to endorse upon the information his finding of guilty was a mere irregularity, which we do not think can avail the defendant. In his report, he states that he found the defendant guilty and imposed the sentence which is endorsed upon the papers.

It may be that the testimony in the case was sufficient to show such part performance of the verbal contract for a lease for two years as would entitle McCravy to demand from Posey, *in a court of equity*, specific performance (though as to that there may be two opinions), but we scarcely think that was a question which could be tried in a criminal proceeding. Section 2507 of the General Statutes makes it a misdemeanor for one to enter upon land after notice from the *owner* or *tenant* prohibiting the same. Now, it is quite clear that McCravy was not the owner of the land, and whether he was the tenant or not depended upon an unadjudicated equity which he might or might not be able to establish before another tribunal having jurisdiction of such matters. Section 1812 of the General Statutes declares explicitly that

"No parol lease shall give a tenant a right of possession for a longer term than twelve months from the time of entering on the premises," &c. Now, whether in the face of this positive statute, originally enacted in 1817, a party could enforce the specific performance of a verbal agreement for a lease of a longer period than twelve months, upon the ground of part performance, is a question which it is not necessary now to determine; but certainly until the alleged tenant has established, in the proper forum, his rights as such, he cannot enforce a criminal statute designed only for the protection of owners or tenants of land. The right to specific performance of a contract for the sale of lands is not an absolute right, but one resting in the discretion of the court to which the application is addressed, and until such court has established the right, we do not see how it can be recognized before another tribunal, especially one invested with criminal jurisdiction only.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court with instructions to order a new trial in a trial justice's court.